# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN SCHROEDER, | ) | |
| | ) | |
| Plaintiff, | ) | NO.CIV-18-550-HE |
| | ) | |
| vs. | ) | |
| | ) | |
| HEALTHCARE EXPRESS, LLP, a | ) | |
| Foreign limited liability partnership, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Brian Schroeder filed this action in state court against his former employers, Healthcare Express, LLP and/or Healthcare Express Management, LLC,[1] and two individuals, Jeremy Lamb and Caylon Haggard. Lamb is alleged to have been the "clinic owner," and Haggard apparently was a coworker.[2] Plaintiff alleges defendants discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA") and the Oklahoma Anti-Discrimination Act ("OADA").[3] He contends defendants violated Oklahoma public policy and engaged in a civil conspiracy and also asserts a claim for intentional infliction of emotional distress. Defendants removed the action pursuant to 28 U.S.C. § 1441 and then filed a motion to dismiss pursuant to

---

[1] *Plaintiff sued them in the alternative apparently because he does not know which one actually employed him.*

[2] *Defendants note in their motion to dismiss that plaintiff incorrectly identified defendant Haggard in the complaint as Caylon Haggard, Limited Liability Company.*

[3] *While plaintiff also refers to Title VII once in the complaint, he does not allege any claim under the statute.*

Fed.R.Civ.P. 12(b)(6).[4]

When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Considering plaintiff's claims under this standard, the court concludes defendants' motion should be granted in part and denied in part.

Background

Plaintiff alleges in the complaint that he is a disabled veteran who suffers from Post-Traumatic Stress Disorder as the result of his military service. He claims defendants hired him as a medical assistant on April 2, 2016, and wrongfully terminated him the following February. Defendants were aware, plaintiff asserts, of his PTSD diagnosis. He alleges that on multiple occasions he "asked Defendants Lamb and Haggard not to engage in specific kinds of horseplay towards him as it triggered his PTSD and impacted his ability to perform

---

[4] *Because the action has been removed the court will refer to the first pleading filed as a complaint rather than a petition.*

2

his job." Doc. #1-1, p. 3, ¶18.[5] Despite his request, plaintiff asserts defendants engaged in behavior which created a hostile work environment, "was extreme, outrageous and outside the bounds of all decency" and caused him extreme emotional distress. *Id*. at p. 11, ¶67.

Plaintiff alleges defendant Lamb encouraged the office manager in July 2016 to place a patient's fecal matter sample next to plaintiff's lunch as a prank, even though they knew plaintiff is a germaphobe.[6] In October 2016, defendant Lamb allegedly snuck up on plaintiff and kicked the back of his chair, "caus[ing] an abrupt flare in Plaintiff's PTSD symptoms." *Id*. at p. 4, ¶21. Plaintiff also alleges that defendant Lamb, "on occasion told Plaintiff to collect a patient's urine specimen with his mouth," and that "Haggard and Lamb engaged in a pattern of horseplay and practical jokes designed to harass, intimidate, embarrass and cause the Plaintiff to become uncomfortable in his work environment necessitating him taking time to walk away from [it.]" *Id*. at pp. 11,4, ¶¶ 70, 22. Plaintiff asserts that "such conduct was additionally engaged in as retaliation because Plaintiff advised Defendants Lamb and Haggard that the clinic was not complying with standard operating procedures in keeping with the legal requirements of HIPAA or of required universal precautions for patient and care giver safety." *Id*. at ¶24. He alleges he "complained of the failure of the Defendants to follow universal precautions in the handling

---

[5] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

[6] *Defendants contend plaintiff failed to exhaust his administrative remedies with respect to this incident. Regardless, the incident can be considered in conjunction with plaintiff's ADA and OADA claims because plaintiff is not relying on it as a discrete act of discrimination, but instead as part of the alleged hostile work environment.*

and disposal of bodily fluids and tissue samples, . . . [and] in the handling and storage of bodily fluid samples . . . within the facility and for sending out to other facilities." *Id*. at p. 9, ¶58.

Plaintiff pleads that when he "asked for a reduction in his work to weekends because of the work environment and its impact on his PTSD the employer terminated him allegedly for gossiping about another employee. *Id*. at p. 6, ¶32. He asserts that the reason given was pretextual as defendants knew plaintiff was, or they regarded him as being, disabled and "as someone for whom they would have to make accommodations." *Id*. at p. 6, ¶35. Plaintiff alleges that defendants Lamb and Haggard engaged in a conspiracy to create a hostile work environment and to deprive him of his right to continued employment by "creat[ing] an untruthful basis for his alleged termination." *Id*. at p. 10, ¶75.

## Analysis

Plaintiff asserts the following claims: hostile work environment, failure to accommodate, discriminatory discharge and retaliation under the ADA and OADA;[7] a Burk[8] tort; a civil conspiracy and a claim for intentional infliction of emotional distress. Defendants argue the court should dismiss plaintiff's claims in their entirety because none satisfies the federal pleading standard.[9]

---

[7] *The complaint also includes assertions that plaintiff was not promoted or given a raise. Doc. #1-1, p. 6, ¶36. Without any explanation or factual support, these conclusory statements fail to state a claim for discriminatory treatment. They have therefore been ignored.*

[8]*Burk v. K-Mark Corp.*, 770 P.2d 24 (Okla. 1989).

[9] *A plaintiff's OADA claim fails if his ADA claim is insufficient, because "the protections provided by the OADA are co-extensive with the protections provided by federal law under the*

4

Defendants initially assert that defendant Healthcare Express Management, LLC should be dismissed because plaintiff has failed to plead that it was his employer.[10] They contend plaintiff's hostile work environment claim fails because plaintiff has only pleaded a few isolated incidents of abusive conduct. They argue his reasonable accommodation claim fails because the documents attached to the complaint indicate plaintiff did not ask his employer for reasonable accommodation. To the extent plaintiff did seek accommodation, defendants assert that his request that "Defendants ensure that no one ever did anything to trigger Plaintiff's PTSD" was too broad to be reasonable. Doc. #7, p. 18. They also contend that while plaintiff did "mention[] his request for a weekend schedule," his "OESC paperwork indicates that Plaintiff's employer did not necessarily object to Plaintiff's scheduling request." *Id.* As for plaintiff's termination claim under the ADA and OADA, defendants contend that plaintiff's allegations that his termination occurred because of his disability are not only conclusory, but he failed to allege that his disability was the "but for" cause of his discharge. Defendants seek the dismissal of plaintiff's remaining ADA/OADA retaliation claim claiming plaintiff has again failed to allege that his disability was the "but for" cause of the alleged retaliatory conduct.

Defendants challenges to the remaining state law claims are simple. They assert plaintiff failed to identify the established and well-defined Oklahoma public policy on

---

ADA." Hancock v. Greystar Mgmt. Servs., L.P., 2016 WL 6088341, at *2 n.2. (W.D. Okla. Oct. 18, 2016) (internal quotation marks omitted)

[10] *Defendants also assert that, to the extent plaintiff asserts ADA, OADA or public policy claims against Lamb and Haggard, the claims should be dismissed because such claims are properly brought only against an employer.*

5

which he bases his Burk tort, he pleads no facts to support his conspiracy claim and he has not alleged sufficient facts to plausibly show outrageous conduct or that he suffered severe emotional distress. Plaintiff responds that he has adequately "pled each and every single one of his causes of action with enough facts to make them plausible." Doc. #9, p. 8.

Having reviewed the complaint and considered the parties' briefs, the court makes the following determinations. Plaintiff has sufficiently pleaded that he is an employee of Healthcare Express Management Oklahoma, LLC.[11] Defendants' argument that plaintiff negated his allegation that he was employed by Healthcare Express, LLP and/or Healthcare Express Management Oklahoma, LLC by alleging that only Healthcare Express, LLP hired him is not persuasive.

Plaintiff also has sufficiently pleaded a claim under the ADA/OADA for a hostile work environment.[12] Admittedly the complaint does not allege multiple incidents of abusive behavior. However, the combination of the particular type of disability claimed (PTSD), the specific conduct which is alleged to have occurred, and the allegation that defendants engaged in a pattern of horseplay and practical jokes designed to harass plaintiff, suffices to satisfy the Twombly/Iqbal pleading standard. He also has stated a

---

*[11] In their reply, defendants contend plaintiff failed to respond to their point that he did not exhaust his administrative remedies as to defendant Healthcare Express Management Oklahoma, LLC because he failed to name it in his charge of discrimination. Defendants did not make that exhaustion argument in their initial brief and will not be permitted to raise it for the first time in their reply.*

*[12] The court finds it unnecessary at this time to determine whether, as defendants argue, the "but-for" causation standard the Supreme Court recognized in Gross v. FBL Fin Servs., 557 U.S. 167 (2009) applies to plaintiff's ADA/OADA claim.*

claim for discriminatory termination/failure to accommodate[13] based on defendants' alleged failure to grant his request for a weekend schedule.

Plaintiff has also pleaded a claim for retaliation under the ADA/ OADA. "To establish a prima facie case of ADA retaliation, a plaintiff must prove that (1) he 'engaged in a protected activity'; (2) he was 'subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity'"; and (3) there was 'a causal connection between the protected activity and the adverse employment action.'" Foster v. Mountain Coal Co., LLC, 830 F.3d 1178, 1187 (10th Cir. 2016) (Anderson v. Coors Brewing Co., 181 F.3d 1171, 1178 (10th Cir. 1999)). Plaintiff has alleged he engaged in protected activity by requesting the accommodation of weekend work and that, rather than grant his request, defendants falsely accused him of gossiping about another employee and terminated him.[14] Plaintiff cannot, though, base his retaliation claim on his complaints to defendants about their asserted noncompliance with OSHA or HIPPA. He must have been retaliated against for activity which is protected under the ADA/OADA.[15]

---

[13] *The court noted in* Hancock *that "[w]hile the Tenth Circuit has not definitely decided that [ADA wrongful termination and failure to accommodate claims] are separate causes of action, it has noted the confusion and assumed as much."* Hancock, *2016 WL 6088341, at \*4, n.5 (citing* Bartee v. Michelin N. Am., Inc., *374 F.3d 906, 912 n.5 (10th Cir. 2004).*

[14] *Defendants acknowledge that plaintiff was terminated within three months of his request for weekend work, thus satisfying the requirement that his alleged protected activity be closely followed by an adverse employment action. See* Foster, *830 F.3d at 1191 ("[A]n ADA retaliation plaintiff may rely solely on temporal proximity to show causation during the prima facie stage of the* McDonnell Douglas *framework where his protected activity is closely followed by an adverse employment action.").*

[15] *See* Foster, *830 F.3d at 1186 ("The ADA's retaliation statute provides that '[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or*

7

Plaintiff has not, though, sufficiently pleaded a Burk/public policy tort claim. While he has attempted to identify an Oklahoma public policy goal, he has not identified where it is "articulated in existing Oklahoma constitutional, statutory or jurisprudential law." Moore v. Warr Acres Nursing Center, LLC, 376 P.3d 894, 904-05 (2016). It therefore will be dismissed.

Plaintiff's civil conspiracy claim also will be dismissed. Plaintiff has not alleged specific facts showing an agreement and concerted action among the defendants "to do an unlawful act, or to do a lawful act by unlawful means." Brock v. Thompson, 948 P.2d 279, 294 (Okla. 1997).

Finally, plaintiff's intentional infliction of emotional distress claim fails because plaintiff only makes a conclusory allegation that he suffered extreme emotional distress as the result of defendants' actions. Contrary to plaintiff's assertion, the court cannot presume the existence of distress based on the conduct which is alleged to have occurred.

Accordingly, defendants' motion to dismiss [Doc. #7] is **GRANTED IN PART** and **DENIED IN PART**. Any Burk tort or claims asserted under the ADA or OADA against defendants Lamb and Haggard are dismissed as plaintiff did not respond to defendants' argument that they were not his employer. Plaintiff's Burk tort, civil conspiracy and his intentional infliction of emotional distress claims also are dismissed.

**IT IS SO ORDERED.**

---

*participated in any manner in an investigation, proceeding, or hearing under this chapter.'" (quoting 42 U.S.C. § 12203(a)).*

Dated this 5th day of September, 2018.

_[signature]_
JOE HEATON
CHIEF U.S. DISTRICT JUDGE